**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01483-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Michel Morales-Vasquez, | |
| Defendant. | |

Pending before the Court is the Defendant's Motion to Dismiss Indictment for Improper Venue. (Doc. 34). For the reasons stated below, the motion is denied.[1]

## BACKGROUND

On October 2, 2025, the Government, via criminal complaint, charged Defendant with one count of Reentry of Removed Alien under 8 U.S.C. § 1326(a), enhanced by (b)(1). (Doc. 1). In the complaint's supporting statement of factual basis, the Government averred that "[o]n April 25, 2023, the defendant was encountered by [Immigration and Customs Enforcement ("ICE")] Officers in Los Angeles, California, and was initially charged with a violation of Title 8 U.S.C. 1326(a) Re-Entry after Deportation," but that criminal charges "were never filed in federal court for the Southern District of California." (*Id.* at 2). Defendant was allegedly later "found in" the United States "at or near Lake Havasu City, Arizona" on September 8, 2023, by the Lake Havasu City Police Department. (*Id.* at 1, 3).

---

[1] Defendant's request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

On October 28, 2025, the Government filed a one-count indictment against the Defendant. (Doc. 15).  In the indictment, the grand jury charges that Defendant was "found in" the United States "[o]n or about <u>September 29, 2022</u>, at or near Parker, in the District of Arizona" (*id.* at 1 (emphasis added))—nearly one year earlier than the alleged date in the criminal complaint that Defendant was "found in" the United States.  The indictment reads in full:

> On or about September 29, 2022, at or near Parker, in the District of Arizona, the defendant, CARLOS MICHEL MORALES-VASQUEZ, an alien, was found in the United States after having been previously denied admission, excluded, deported, and removed from the United States at or near San Ysidro, California, on or about March 26, 2011, and not having obtained the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

(*Id.*).

On December 10, 2025, Defendant filed this present motion.  (Doc. 34).  In his motion, Defendant argues that the venue for this prosecution—the District of Arizona—is improper because "the element of being 'found in' was completed when immigration officials found and identified the Defendant in Los Angeles, California on April 25, 2023." (*Id.* at 1).  In response, the Government states that the Defendant was "found in" the United States on September 29, 2022, by a Colorado Reservation Indian Tribe (CRIT) police officer in Parker, La Paz County, Arizona when Defendant was arrested for speeding, and that a federal deportation officer "determined that [Defendant] was a removed alien" during "his standard review of the daily in-bookings from La Paz County" the next day.  (Doc. 35 at 2).

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 12(b), an indictment may be dismissed by a pretrial motion that "can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  This includes a motion to dismiss for "improper venue."  Fed. R. Crim. P. 12(b)(3)(A)(i).  Venue is only proper "in a district where the offense was committed."  Fed.

R. Crim. P. 18; *see also* U.S. Const. art. III, § 2; cl. 3; U.S. Const. amend. VI. A court deciding a Rule 12(b) motion is "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017). "An indictment does not have an apparent venue defect if it alleges facts which, if proven, would have sustained venue in the district of trial." *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (citation modified).

An indictment supersedes a criminal complaint. *Jaben v. United States*, 381 U.S. 214, 220 (1965); *see also United States v. Tertrou*, 742 F.2d 538, 540 (9th Cir. 1984) ("[T]he complaint is irrelevant after a timely indictment is filed."). "[O]nly the indictment may be considered in pretrial motions to dismiss for lack of venue." *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). While a court "may take judicial notice of court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), such notice is limited to facts "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (2001). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *Jensen*, 93 F.3d at 669 (internal quotation marks and citation omitted).

**DISCUSSION**

Defendant's argument that the District of Arizona is an improper venue for this prosecution is unpersuasive. Under § 1326(a), an offense alleging that an alien previously deported was later "found in" the United States has six elements:

    (1)    The defendant was deported from the United States;

    (2)    Thereafter, the defendant voluntarily entered the United States;

    (3)    At the time of entry, the defendant knew he was entering the United States, or after entering the United States, the defendant knew that he was in the United States and knowingly remained;

    (4)    The defendant was found in the United States without

- 3 -

>    having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;
>
> (5) The defendant was an alien at the time of his entry into the United States; and
>
> (6) The defendant was free from official observation or restraint between the moment he physically crossed into U.S. territory and the moment he was apprehended.

Ninth Circuit Manual of Model Criminal Jury Instructions § 7.8 (2022 ed., updated Sept. 2025); 8 U.S.C. § 1326(a). The crime of being "found in" the United States—part of the fourth element—is a continuing offense.[2] *United States v. Jimenez-Borja*, 378 F.3d 853, 857 (9th Cir. 2004) (citing *United States v. Godinez-Rabadan*, 289 F.3d 630, 632 (9th Cir. 2002)).

Continuing offenses "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. A defendant can be charged with having been "found in" the United States on the date when he was first found by local police, or on the date when he was discovered by the immigration authorities, or "on any date in between." *Jimenez-Borja*, 378 F.3d at 857-58; *see also United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1062 (9th Cir. 2000) ("[A] violation of 8 U.S.C. § 1326 for being 'found in' the United States . . . is a continuing offense which commences with entry and concludes with discovery."). Venue, thus, is proper in any location where the Defendant was "found in" the United States. *United States v. Hernandez*, 189 F.3d 785, 790 (9th Cir. 1999) ("Once the *when* is determined, the *where* follows as a matter of fact and logic."); *Ruelas-Arreguin*, 219 F.3d at 1062 (holding that venue may lie in any district where the continuing conduct occurred for § 1326(a) offenses).

This means that venue may be proper in multiple districts—as long as the § 1326(a) prosecution is brought in a district where the offense of being "found in" the United States was either ongoing or completed in that district. And the offense only "ends when an alien

---

[2] "A continuing offense involves (1) an ongoing course of conduct that causes (2) a harm that lasts as long as that course of conduct persists." *United States v. Holden*, 806 F.3d 1227, 1231 (9th Cir. 2015) (internal quotation marks and citation omitted).

- 4 -

is discovered and identified by the immigration authorities." *Hernandez*, 189 F.3d at 791. Thus, a defendant who may have been found by local police in Phoenix, Arizona, but was only later discovered and identified by ICE in Los Angeles, California, can properly be prosecuted in the District of Arizona or the Central District of California. But the same defendant could not be prosecuted in the Southern District of Texas if he was later apprehended in, or transported to, Laredo, Texas. *See id.* (holding that a "deported alien who was moved around the country to various penal institutions" cannot be prosecuted "at the government's option, in any of the districts where the alien set foot," and noting that "the place of apprehension is not necessarily the district where the crime was committed").

Here, the indictment does not have an apparent venue defect because it alleges facts which, if proven, would sustain venue in the District of Arizona. The indictment charges that Defendant was "found in" the United States at or near Parker, Arizona on September 29, 2022. (Doc. 15 at 1). Assuming that fact to be true—as the Court must for a pretrial motion—venue properly lies in the District of Arizona. Dismissal, thus, is improper at this stage of the case. *See, e.g.*, *Mendoza*, 108 F.3d at 1156 (reversing dismissal of indictment for improper venue where indictment included barebone allegations of where principals allegedly committed crimes); (Doc. 34 at 5 (Defendant is "not contesting" "the sufficiency of the indictment")).

Defendant's arguments to the contrary are unavailing. First, Defendant claims that the criminal complaint "clearly establishes that the § 1326 [offense] was completed in California, making venue in Arizona improper regardless of whether the allegations in the indictment are true." (Doc. 34 at 8). But, as discussed above, venue is not only proper where the offense is *completed*, since the "found in" element is a continuing violation. Moreover, even if the Court were to accept the facts alleged in the criminal complaint as true (which it does not),[3] the criminal complaint does not contradict the allegations in the

---

[3] While the Court takes judicial notice of the fact that a criminal complaint was filed in this case, it does not take judicial notice of the facts contained within the complaint. The complaint contains facts subject to reasonable dispute that may be presented by the Government at trial as evidence. Moreover, the criminal complaint is not listed as one of the "pleadings" that the Court may consider when deciding a pretrial motion. Fed. R. Crim. P. 12(a). Because a pretrial motion to dismiss "cannot be used as a device for a summary

indictment. The complaint makes no reference to Defendant's alleged encounter with the CRIT police officer in Parker, Arizona in September 2022. (*Compare* Doc. 1 *with* Doc. 15). As such, the complaint does not negate the indictment's allegation that Defendant was "found in" Parker, Arizona.

Next, Defendant makes the novel argument that even though the "found in" element of § 1326(a) is a continuing offense, "the crime of being 'found in' is not a continuing offense *for the purpose of venue*." (Doc. 34 at 4-5 (emphasis added)). Defendant cites *Hernandez*, 189 F.3d 785 (9th Cir. 1999), to support this assertion. But Defendant misreads *Hernandez*. There, the Ninth Circuit only held that the offense of being "found in" is completed once a defendant is discovered and identified by immigration authorities. 189 F.3d at 791. *Hernandez* dealt with the scenario where a defendant-alien was discovered by the immigration authorities in the District of Oregon but was later transported, and subsequently prosecuted, in the Western District of Washington—an improper venue, since the defendant was not "found in" the Western District of Washington. *Id.* at 788-91.

But the court in *Hernandez* did not hold that venue is *only* proper where the offense is completed. Binding Ninth Circuit authority informs otherwise. *See Ruelas-Arreguin*, 219 F.3d at 1062 (holding that venue for a § 1326(a) prosecution could be proper in the Southern District of California, where defendant entered the county, and the District of Arizona, where defendant was identified and arrested by the immigration authorities). *Hernandez* only cautions that venue is not proper "in a location in which the defendant happens to be after the crime was completed, unless the defendant began, continued, or completed his crime in that venue." 189 F.3d at 790. Because the indictment, on its face, does not raise any facts suggesting that Defendant only happened to be in Arizona *after* he was "found in" the United States, *Hernandez* does not compel dismissing the indictment.[4]

Finally, Defendant argues that permitting this prosecution to proceed in the District

---

trial of the evidence," *Jensen*, 93 F.3d at 669, the Court cannot consider the facts alleged in the complaint.

[4] The Court, in deciding this motion regarding the sufficiency of the indictment, need not rule on whether the Government *could* bring this prosecution in the Central District of California or on when the offense of being "found in" the United States was completed.

- 6 -

of Arizona would create an "unconstitutional, government-choice venue" rule that "*Hernandez* forbids." (Doc. 36 at 6-7 ("The government's reading of *Hernandez* would erase the immigration-discovery requirement, permit successive findings and revive forum shopping—the precise abuse *Hernandez* set out to prevent.")). This, again, misreads *Hernandez*. The Ninth Circuit there stated:

> The offense of being found in the United States ends when an alien is discovered and identified by the immigration authorities. We conclude that the crime is completed at that point not only for statute of limitations and Sentencing Guidelines purposes, but also for venue. To hold otherwise would produce unfair and absurd results. For example, venue would become the "government's choice" rather than a constitutional guarantee. Under the government's scenario, a defendant could be "found" again and again. Or a deported alien who was moved around the country to various penal institutions could be prosecuted, at the government's option, in any of the districts where the alien set foot.

*Hernandez*, 189 F.3d at 791. But here, there is no indication that the abuse that occurred in *Hernandez* has occurred here. The indictment raises no facts suggesting that Defendant was present in Arizona only after his alleged § 1326(a) violation was completed. Thus, any suggestion that the Government is forum-shopping by bringing this prosecution in the District of Arizona is without merit at this stage.

## CONCLUSION

Accordingly, for the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment for Improper Venue (Doc. 34) is **DENIED**.

Dated this 15th day of January, 2026.

G. Murray Snow
Senior United States District Judge